# BROWN

## *v.*

# THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

STREET RAILWAYS; PASSENGERS; NEGLIGENCE; APPELLATE PRACTICE; REVERSIBLE ERROR.

1. It is not *prima facie* negligence for a person to attempt to board a horse car, however slowly moving, for the purpose of becoming a passenger.
2. On an appeal the court cannot consider the question of the preponderance of evidence.
3. Where in a charge to the jury it appears that the trial court was not merely commenting upon the evidence, but peremptorily instructing the jury in terms which left them no option but to return the verdict they rendered, and such instructions are erroneous, the error is reversible error.

No. 660. Submitted April 14, 1897. Decided April 27, 1897.

HEARING on an appeal by the plaintiff from a judgment

on verdict for the defendant in an action to recover damages for death by wrongful act. *Reversed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a judgment of the Supreme Court of the District of Columbia, rendered in an action instituted in that court by the appellant, Ruth F. Brown, as administratrix of her deceased husband, J. Warren Brown, against the appellee, the Washington and Georgetown Railroad Company, for the death of her said husband through the alleged negligence of the railroad company.

It was claimed by the appellant in her declaration that, on June 28, 1892, the deceased, J. Warren Brown, attempted to board one of the defendant's cars for the purpose of becoming a passenger thereon, at the corner of Eleventh street and Pennsylvania avenue, northwest, in the city of Washington; and that while he was in the act of getting into or upon the car, it was suddenly started by the driver, and the deceased was thereby thrown to the ground and sustained serious injuries, which resulted in his death in the following October.

The testimony is in some respects quite conflicting; but that adduced on behalf of the appellant tended to show that the deceased—who, it seems, was a man of about 65 years of age and weighed about 175 pounds—about half-past four o'clock on the afternoon of the day before mentioned, proceeded from the sidewalk at the corner of Pennsylvania avenue and Eleventh street, and signalled an eastbound car of the railroad company for the purpose of becoming a passenger thereon; that the driver of the car, upon perceiving him, the cars at that time being drawn by horses, applied his brakes, and slowed up his car, which, however, he did not entirely stop; that, while the horses were going no faster than a walk, the deceased, who had crossed the north track of the railroad in front of another car moving in the opposite direction, placed his foot on the step and took hold with

his hand of the rail or upright stanchion of the car; that at that moment the driver suddenly released his brake and started the car with a jolt; and that by the sudden impulse the deceased was thrown from the car to the ground, and thrown against the westbound car, and was fatally injured.

There is testimony on the part of the defendant tending to show that the driver had not slowed the speed of his car at all; that there was no sudden release of the brake and no sudden jolt; that the deceased had an umbrella, or a package, or a paper in his hand, which left him but the use of one hand, and consequently, left him less capable of boarding the car in safety; and that his attempt to board the car was made while the car was moving at its usual rate of speed, and before it stopped or had time to stop for him to enter.

Upon this condition of the testimony counsel for the plaintiff requested the following instructions to be given to the jury, which was refused:

" If the jury find from all the evidence that on the 28th day of June, 1892, the plaintiff's intestate, intending to become a passenger on one of the defendant's cars on Pennsylvania avenue, between Eleventh and Twelfth streets, northwest, in this city, signalled to the driver of said car to stop when the car was at such a distance from the plaintiff's intestate that said car could have been stopped by the time it reached the point where the decedent was standing, but that instead of stopping his car the driver simply slowed the same up, and the plaintiff's intestate attempted to board the said car while it was slowly moving, and while in the act of getting upon said car, and before getting entirely on the car, the driver of said street car released his brake and started the same forward, and thereby the plaintiff's intestate was thrown to the ground and sustained injuries which resulted in his death, and if the jury find from all the evidence that in approaching said car and attempting to board the same under the circumstances, the plaintiff's intestate

acted as a reasonably prudent and careful man would have acted under the same circumstances, and that the driver of said street car started his car forward before the plaintiff's intestate, in the exercise of reasonable care on his part, could have entered onto or into the same, and that by reason of this starting his car forward the plaintiff's intestate was thrown from said car and injured, and if the jury further find from all the evidence that the act of the driver in thus starting the car forward was negligent, and that this negligence was the proximate and direct cause of the injury to the plaintiff's intestate, then the jury shall find for the plaintiff."

Two instructions were requested on behalf of the defendant, which were granted. They are as follows:

"1. If from the whole evidence the jury shall find that the deceased attempted to board the moving car, such attempt was an act of negligence on his part, and was not excused by the fact, if the jury shall find the same, that he had signalled the car to stop and it had not done so. In making the attempt the deceased took the risk of his own physical incapacity, and also of the usual and ordinary movements of the car, including the movement caused by the release of the brake, if the jury shall find that the same occurred, and that it was usual and ordinary and without negligence on the part of the driver—that is to say, without knowledge or notice by him of the deceased's position of peril—and if the jury shall find that by reason of such attempt, and not through the negligence of the defendant or its agents, the deceased fell, or was thrown from the car and thereby fatally injured, the plaintiff is not entitled to recover.

"2. If from the whole evidence the jury shall find that the deceased attempted to board the car when in motion, he took all the risks incident to such attempt, and it matters not that he made such attempt in consequence of the failure óf the car to stop in response to a signal, if the jury shall

find that the same was given. If such attempt was unsuccessful, and in consequence the deceased was fatally injured, the plaintiff is not entitled to recover in the absence of negligence on the part of the defendant or its agents, and in order to charge the defendant with such negligence it must be shown to the satisfaction of the jury, by a preponderance of evidence, that the driver, the agent of the defendant, had knowledge of the perilous situation of the deceased when he attempted to board the car, and had time and opportunity to prevent injury to him, and instead of so doing caused the injury to him by the release of the brake."

Exception was duly taken to the action of the court in regard to these several instructions, as also to various portions of the charge, which thereafter the court of its own motion gave to the jury, notably the following:

"I tell you that it is a negligent act for any person to attempt to board a moving car."

"It appears to me that it is perfectly plain that the driver of this car had no reason to expect that the plaintiff would board the car while it was in motion."

"If from the whole evidence the jury shall find that the deceased attempted to board the moving car, such attempt was an act of negligence on his part and was not excused by the fact, if the jury shall find the same, that he had signaled the car to stop and it had not done so."

Under these instructions, the jury returned a verdict for the defendant; and from the judgment rendered thereon the plaintiff appealed.

*Mr. Geo. E. Hamilton* and *Mr. M. J. Colbert* for the appellant.

*Mr. Enoch Totten, Mr. W. D. Davidge* and *Mr. Howe Totten* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

There is but one question for us in this case; and that question is no longer an open one. It is, whether, under any

and all circumstances, an attempt to board a street car drawn by horses, however slowly moving, for the purpose of becoming a passenger thereon, is an act of negligence in law on the part of the person making the attempt, such as to preclude him or his representative from recovery against the railroad company owning and operating the car, if he has been injured in the attempt by the alleged negligence of the agents of the railroad company. The answer to this question has been conclusively settled in the negative both by reason and the great weight of authority. This was fully admitted in the argument for the appellee; and we are therefore saved the necessity of discussion of the subject and of the citation of authorities upon the question. And it follows, necessarily, that there was plain and palpable error in this case, both in the charge given by the court to the jury and in the instructions requested on the part of the appellee and granted and emphasized by the court, as also in the refusal to give the instruction requested on behalf of the plaintiff.

But it is argued that, in a legal sense, the plaintiff was not harmed by the error; and for this contention two grounds are assigned. The first is, that the presiding justice, in the statements to which exception was taken, was only commenting on the evidence, as he had a right to do, and after all left it to the jury to determine whether the deceased was negligent. And the second ground is, that in view of the preponderance of the testimony in favor of the defendant, the verdict is right anyhow, and should not be disturbed.

But we have nothing to do with the preponderance of evidence; and this second consideration, therefore, can have no weight. Nor is it apparent that the other justification for the charge and instructions given has any greater merit. It is very plain that the presiding justice was not commenting on the evidence, but peremptorily instructing the jury in terms which left them no option but to return the verdict which they rendered. Nowhere does he tell them that it

was for them to determine, whether, under the circumstances of the case, it was negligence on the part of the deceased to attempt to board the moving car; and yet that was a question to be determined by them under proper instructions from the court. On the contrary, he distinctly removed that question from their consideration; and it was left them to determine only whether there was any negligence on the part of the agents of the railroad company supervening after discovery by them of the perilous position of the deceased.

It is not always negligence either in law or in fact for a person to attempt to enter upon or to alight from a moving car propelled by the greatly more dangerous agency of steam. And we know that, upon these street cars, when drawn by horses, it was not at all an unusual thing, permitted and even encouraged by drivers and conductors, for persons to get on and off the cars while in motion, the cars being merely slowed up for the purpose and not stopped. When circumstances, therefore, are shown, from which it may reasonably be inferred that such attempts are sanctioned by the railroad company, or are not inconsistent with the usual course of action of ordinarily prudent persons, it is for the jury, and not for the court, to determine whether there was negligence. And it is certainly error to instruct a jury, as was practically done in this case, that under no circumstances could such an attempt be excused from the charge of negligence.

We are of opinion that the judgment appealed from should be *reversed, with costs, and that the cause should be remanded to the Supreme Court of the District of Columbia, with directions to vacate the verdict of the jury and award a new trial. And it is so ordered.*